Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class
[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE FINN, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> LOANDEPOT.COM, LLC, a Delaware company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Michelle Finn ("Plaintiff" or "Finn") brings this Class Action Complaint and Demand for Jury Trial against Defendant LoanDepot.com, LLC ("Defendant" or "LoanDepot") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls using artificial or pre-recorded voice messages to cellular telephone numbers without consent. Plaintiff

also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Finn, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Michelle Finn is an individual.

2. Defendant LoanDepot is a Delaware registered corporation headquartered in California, in this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant has its headquarters in this District and because the wrongful conduct giving rise to this case was directed by the Defendant from this District.

# INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

7. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

# COMMON ALLEGATIONS

8. Defendant LoanDepot offers home loans to consumers nationwide.[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.linkedin.com/company/loandepot/about/

9. Defendant LoanDepot uses telemarketing and cold calling with a pre-recorded voice message without first obtaining the consumer's prior express written consent, like Plaintiff Finn.

10. Several employees of the Defendant have mentioned the Defendant's practice of cold calling in the reviews they have posted online. For example:

- A review[3] posted on April 29, 2021:

**Very repetitive**
Customer Lending Representative (Former Employee) - Plano, TX - April 29, 2021

A little competitive since you're ranked amongst your peers. Very repetitive which I personally can't stand. The call center position I think is lonely and draining.

✓ **Pros**
Hour lunch and 2 15min breaks

✗ **Cons**
They say no cold calling but I would consider it cold calling

- A review[4] posted on July 18, 2019:

**"Customer Service"**
Customer Lending Representative (Former Employee) - Lake Forest, CA - July 18, 2019

I was told I would be helping people who were interested in getting a home or personal loan and these were NOT cold calls and these people actually wanted information from us. This could not be farther from the truth. Our job was to harass people by calling them 50 times a day until they picked up, and when they did pick up they were so upset they would threaten me and even tell me the ways they wanted to kill me. 99% of the people I had to call were not interested in any loan and told me Loan Depot had stolen their personal information.

---

[3] https://www.indeed.com/cmp/Loandepot/reviews?fjobtitle=Customer+Representative
[4] *Id.*

CLASS ACTION COMPLAINT
-4-


11. Several consumers have posted complaints online about the unsolicited telemarketing calls they received from Defendant LoanDepot. For instance:

- "The robot female voice asked me to call back. They identified themselves as loanDepot."[5]
- "Caller ID says LoanDepot, silent robocall – calls continuously all day"[6]

12. Several consumers have posted complaints online about receiving pre-recorded calls from Defendant LoanDepot like the one received by the Plaintiff, along with several such call recordings:



---

[5] https://www.shouldianswer.com/phone-number/8662321321
[6] https://800notes.com/Phone.aspx/1-559-531-7484

13. In response to these calls, Plaintiff Finn files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF FINN'S ALLEGATIONS**

14. Plaintiff Finn registered her cell phone number on the National Do Not Call Registry on November 14, 2017.

15. Despite this, the Plaintiff Finn believes that she has received at least 5 pre-recorded calls on her cellular telephone from the Defendant.

16. This includes a pre-recorded call on February 17 and February 18, 2023.

17. The Caller ID for both calls was (541) 500-4593.

18. The Caller ID display identified Loan Depot.

19. The pre-recorded message stated that "Savannah" was calling from Loan Depot, one of the largest home lending companies in the country regarding a potential home lending application.

20. The pre-recorded message also provided a call back number to contact Loan Depot.

21. The pre-recorded message was the same on both calls.

22. Plaintiff knew the message was prerecorded because the recording instructed her that she could press a button prompt in response to the recording and was generic.

23. Plaintiff Finn did not provide her consent to LoanDepot to place pre-recorded or any other type of calls to her cell phone number.

24. The unauthorized solicitation telephone calls that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Finn in the form of annoyance, nuisance, and invasion of privacy.

25. Seeking redress for these injuries, Plaintiff Finn, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

26. Plaintiff Finn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant called on their cellular telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained consent to call the person or the person's number in a similar manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.

27. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because she received calls as

part of the same telemarketing campaign resulting in calls to other Class members. Indeed, it would not make sense to send pre-recorded calls unless they were being sent *en masse*.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether the Defendant placed pre-recorded voice message calls to Plaintiff Finn and members of the Class;

    (b)    whether the calls were made without first obtaining prior express written consent of Plaintiff Finn and members of the Class;

    (c)    whether Defendant's conduct constitutes a violation of the TCPA; and

    (d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff Finn will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Finn has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Finn and her counsel are committed to vigorously prosecuting this action on behalf of the

members of the Class, and have the financial resources to do so. Neither Plaintiff Finn nor her counsel have any interest adverse to the Class.

30.  **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Finn. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Finn and the Pre-recorded Class)**

31. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

32. Defendant LoanDepot transmitted unwanted solicitation telephone calls to Plaintiff Finn and the other members of the Pre-recorded Class using a pre-recorded voice message.

33. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Finn and the other members of the Pre-recorded No Consent Class.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Finn and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Finn individually and on behalf of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Finn as the representative of the Classes; and appointing her attorneys as Class Counsel;

b. An award of actual and/or statutory damages and costs;

c.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d.  An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e.  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Finn requests a jury trial.

DATED this 28th day of April, 2023.

        **MICHELLE FINN**, individually and on behalf of all others similarly situated,

By: */s/ Dana J. Oliver*
Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Anthony I. Paronich, *Pro Hac Vice Forthcoming*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the putative Class*